The Honorable Marti Crow State Representative, 41st District 1200 S. Broadway Leavenworth, Kansas 67037
Dear Representative Crow:
As Representative for the Forty-First District, you request our opinion regarding interpretation of subsection (b) of K.S.A. 1996 Supp. 72-1107. Specifically, you ask whether a pupil who has completed kindergarten in another state in a school accredited by an entity other than the state in which the school is located is eligible to enroll in the first grade at a unified school district in Kansas regardless of the pupil's age.
Based on information provided, it appears a child attended and successfully completed kindergarten in a private school located in the State of Utah. The school was accredited by an entity other than the State of Utah. During the summer, the child's family moved to Fort Leavenworth. Despite the fact the child did not reach the age of six years before August 31, 1997, the child's family sought to enroll the child in first grade for the 1997-98 school year.
K.S.A. 1996 Supp. 72-1107 establishes the age at which a child is eligible to attend the elementary grades in a unified school district. For any school year commencing after the 1995-96 school year, the child must attain the age of six years prior to August 31 of the school year in which the child is enrolling in order to be eligible to enter and attend the elementary grades.
 "(b) [A]ny child who has completed a kindergarten course entered and attended in this state in accordance with the provisions of subsection (d) or who was a resident in another state and who, while residing in such other state, had entered and was in attendance in first grade in such other state or who had completed in such state a kindergarten course maintained by a public school district or by an accredited private, denominational or parochial school shall be eligible to attend first grade in this state, regardless of age." K.S.A. 1996 Supp. 72-1107
(emphasis added).
Applicable rules of statutory construction are set forth in syllabus paragraphs 1 and 2 of Kansas PublicEmployees Retirement System v. Reimer Koger, 261 Kan. 17
(1996):
 "Interpretation of a statute is a question of law, and it is a function of this court to interpret a statute to give it the effect intended by the legislature. The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs."
 "In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished, and the effect the statute may have under the various suggested constructions. A statute should never be given construction that leads to uncertainty, injustice, or confusion if possible to construe it otherwise. In construing a statute, words and phrases should be construed according to context and the approved usage of the language, and words in common use are to be given their natural and ordinary meaning."
The provision permitting a child who had completed kindergarten in "an accredited" private, denominational or parochial school in another state to attend first grade in Kansas regardless of age was enacted in 1981.See L. 1981, Ch. 278, § 1. The provision was added by the House Committee on Education. See Journal of the House, 204, February 13, 1981; Minutes, House Committee on Education, February 12, 1981. The amendment was proposed in response to a situation in which a child completed kindergarten "in a highly accredited private
school in another state," but was denied admittance into first grade in a Kansas public school. Minutes, House Committee on Education, February 10, 1981, Attachment (Correspondence of Rep. David F. Louis, May 13, 1980) (emphasis in original); Minutes, Senate Committee on Education, March 26, 1981, Attachment B. The child would not have been denied admittance if the child had completed kindergarten in a public school. The amendment was proposed as a means of alleviating the apparent "arbitrar[y] discriminat[ion] against children who had attended kindergarten or first grade or both at private or parochial schools." See Minutes, House Committee on Education, February 10, 1981, Attachment (Correspondence of Rodney J. Bieker, June 4, 1980); Minutes, Senate Committee on Education, March 26, 1981, Attachment A. The intent of the Legislature was to "allow the statuto[r]y age of entry for a first grade pupil to be determined by the law of the state from which the child is transferring." Minutes, Senate Committee on Education, April 1, 1981. See also Minutes, House Committee on Education, February 12, 1981.
By requiring that the school from which the child is transferring be "an accredited" school, the Legislature intended that the school be one which complies with the standards established for accreditation by the state in which the school is located. Therefore, whether a child who has completed kindergarten in another state in a school accredited by an entity other than the state is eligible to enroll in first grade at a Kansas public school despite the fact the child does not meet the minimum age requirement established in K.S.A. 1996 Supp. 72-1107 depends on whether the child's previous school met the standards established for accreditation by the state in which the previous school is located.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm